**In the Matter of William K. HOLMES, Debtor.**

**William K. Holmes, Debtor,**

v.

**Citigroup Investments AgFinance, as Successor in Interest to The Travelers Insurance Company, Respondent.**

**No. 02–52793 RFH.**

United States Bankruptcy Court, M.D Georgia, Macon Division.

Oct. 30, 2003.

Joseph J. Burton, Jr., David D. Aughtry, Rosemary S. Armstrong, Atlanta, GA, for Debtor.

T. Baron Gibson, II, Macon, GA, for Respondent.

### *MEMORANDUM OPINION*

ROBERT F. HERSHNER, JR., Chief Judge.

William K. Holmes, Debtor, filed on July 28, 2003, his First Amended Plan of Reorganization. Citigroup Investments

AgFinance, as Successor in Interest to The Travelers Insurance Company, Respondent, filed an objection to confirmation on August 18, 2003.[1] A hearing on confirmation of Debtor's proposed Chapter 11 plan was held on August 20, 2003, and September 30, 2003. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Debtor's primary asset is a 6,708 acre tract of land (the "Farm Property") located in Bleckley County and Laurens County, Georgia. The Farm Property includes irrigated farm land, timber land, a large lake, and a number of buildings. Debtor has spent considerable time and money developing the Farm Property for use as a quail hunting plantation.

Debtor filed a petition under Chapter 11 of the Bankruptcy Code on July 1, 2002. Debtor's proposed Chapter 11 plan is a plan of liquidation. Debtor proposes to sell the Farm Property through his Chapter 11 plan. Debtor proposes to use the proceeds to pay the closing costs of the sale, the secured claims against the Farm Property, and the administrative claims. The remaining proceeds are to be deposited into a Distribution Fund.[2]

The Court entered an order on September 4, 2003, authorizing Debtor to enter into non-exclusive listing agreements with four real estate professionals to sell the Farm Property. Debtor proposes to sell the Farm Property by April 1, 2004. If Debtor is unable to close a sale by that date, a Disbursing Agent would be appointed to sell the Farm Property within 120 days.

James F. Lawton, MAI, SRA, is a certified real estate appraiser with twenty-five years of experience. Mr. Lawton testified that the highest and best use of the Farm Property is as a game "shooting preserve." Mr. Lawton testified that the Farm Property is more valuable as a single tract than as a number of smaller tracts. Mr. Lawton testified that, in his opinion, the fair market value of the Farm Property as a single tract, as of December 31, 2002, is $12,240,000. Mr. Lawton testified that the per acre value is about $1,850. If the Farm Property is broken up and sold in smaller tracts, Mr. Lawton testified that the fair market value would be $9,180,000. Mr. Lawton testified that a period of six to twelve months would be needed to market the Farm Property.

Wiley Jordan is a real estate broker with thirty years of experience. Mr. Jordan testified that he has four clients who are definitely interested in buying the Farm Property. Mr. Jordan testified that the clients have the financial resources to buy the Farm Property. Mr. Jordan testified that six to twelve months would be needed to close the sale. Mr. Jordan testified that the "best and only way" to sell the Farm Property is as a single tract. Mr. Jordan testified that Debtor has spent enough time and money developing the Farm Property to justify Mr. Lawton's appraisal.

Zack Thwaite has been a real estate salesman for thirty years. Mr. Thwaite testified that he has "two very good leads" who have the financial resources to buy the Farm Property. Mr. Thwaite testified that a sale by the spring of 2004 is possible and realistic. Mr. Thwaite testified that his asking price would be $1,850 per acre,

---

**1.** Citigroup Investments AgFinance, in the style of its objection to confirmation, refers to Citigroup as the Movant and William K. Holmes as the Respondent. The Court has restyled the objection to refer to Mr. Holmes as Debtor and Citigroup as the Respondent.

**2.** First Amended Plan of Reorganization, Sections 4.01(a)(3) and 5.01, Document No. 101.

which is the per acre value of Mr. Lawton's appraisal. Mr. Thwaite testified that the best way to sell the Farm Property is as a single tract "shooting property."

The Court, from the evidence presented, is persuaded that the Farm Property should be sold as a single tract, that the fair market value is $12,240,000, and that a reasonable time to market the property is six to twelve months.

Respondent filed an objection to the confirmation of Debtor's Chapter 11 plan of reorganization. Respondent has a substantial claim that is secured by the Farm Property. Respondent argues that Debtor proposes an unreasonable length of time to market the Farm Property. Respondent argues that the best time to sell the property is now, during hunting season. Respondent argues for a deadline of January 31, 2004 to sell the Farm Property. Respondent's counsel announced at the hearing on September 30, 2003, that Respondent does not dispute Mr. Lawton's appraised value of the Farm Property.

The Court is not persuaded by Respondent's arguments for a deadline of January 31, 2004 to sell the Farm Property. The Court is persuaded that Respondent's secured claim is fully secured and thus adequately protected. Six potential buyers are interested in the Farm Property. The potential buyers have the financial resources to perform. The best way to sell the Farm Property is as a single tract quail hunting plantation. Six to twelve months are needed to market the property and close the sale.

The Court is persuaded that Respondent's objection to confirmation should be overruled.

An order in accordance with this memorandum opinion will be entered this date.